UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Lawrence E. Cuddy, Jr.,**<br>**Plaintiff,**<br><br>v.<br><br>**Danvers Savings Bank,**<br>**Defendant.** | **Bankruptcy Appeal**<br><br>Case No. 1:05-cv-10776-GAO |

### AFFIDAVIT OF THOMAS G. NICHOLSON, ESQ.

I, Thomas G. Nicholson, Esq., do hereby depose and state that the following is based upon my personal knowledge and I believe all my statements to be true, except where noted upon information and belief, and as to those statements, I am informed and believe them to be true.

1. I, Thomas G. Nicholson, Esq., am the president and managing director of the firm, Finneran & Nicholson, P.C. ("Counsel"), the appellant in this action and counsel to Lawrence E. Cuddy, Jr. ("Cuddy").

2. On April 8, 2005, Counsel filed with the United States Bankruptcy Court for the District of Massachusetts Counsel's Notice of Appeal, Election of Appeal to the District Court and Motion for Leave to Appeal to appeal the Order of the Bankruptcy Court, by Judge Hillman, entered on March 29, 2005 denying Counsel's Motion to Withdraw as Attorney.

3. Counsel's Motion for Leave to Appeal is currently pending before the United States District Court for the District of Massachusetts, Civil Docket Case Number 1:05-cv-10776-GAO.

4. Plaintiff's deposition of Cuddy was scheduled to continue on May 18, 2005 at 10:00 a.m. The continued deposition was stayed by the Bankruptcy Court, which granted

Counsel's Motion for Ex Parte Relief on May 17, 2005 pending a hearing upon Counsel's Motion for Stay of Proceedings Pending Appeal. On June 8, 2005 after a hearing on Counsel's Motion for Stay Pending Appeal, the Bankruptcy Court denied Counsel's motion and terminated the stay. The Plaintiff has rescheduled the continued deposition to commence on July 8, 2005.

5. Currently there are no motions pending, pre-trial or case management conferences scheduled before this Court and a trial date has not been set for this matter.

6. Further, with the exception of the Plaintiff's deposition of Cuddy commenced on April 6, 2005, there has been no further discovery in this action.

7. Counsel will be irreparably harmed by incurring fees and expenses with no expectancy of remuneration of representing Cuddy in the continued deposition and all further matters in this action during the pendency of its appeal.

8. Cuddy has informed Counsel that he has no ability to pay any retainers, cannot pay the past due billings and has no expectation that he will be able to pay the fees and expenses Counsel anticipates incurring in defending the pending adversary proceeding.

9. Counsel will further be denied effective remedy on its appeal should Counsel be required to represent Cuddy in the continued deposition and all further matters in this action during the pendency of its appeal.

10. As a result, Counsel requires an immediate determination by this Court of Counsel's Emergency Motion for Stay of Proceedings pending Appeal.

Signed under the pains and penalties of perjury this 1st day of July, 2005.

_____
Thomas G. Nicholson, Esq.

F:\Cases\05-071\WithdrawalAppeal.SuppAff.TGN.StayPendingAppeal.DistCt.wpd

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail on 7/1/05
_____
and email transmission

2